UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trivel, Inc.,

                  Plaintiff(s),                  Case No. 25-10190

v.                                       Honorable Susan K. DeClercq

Tech Smart USA, Inc., et. al,

                  Defendant(s).

_____/

**NOTICE DIRECTING PARTIES TO APPEAR FOR SCHEDULING CONFERENCE AND ESTABLISHING DISCOVERY-PLAN DEADLINE**

The parties are **NOTIFIED** to appear via Zoom with Judge Susan K. DeClercq for a Scheduling Conference **on April 30, 2025, at 10:00 a.m.** *See* FED. R. CIV. P. 16(b).

**Fourteen days** before the Scheduling Conference, the following steps are required:

(1)    The parties must conduct a Rule 26(f) discovery conference and file their joint discovery plan on the docket. *See* FED. R. CIV. P. 26(f). This plan must follow Local Rule 5.1.

(2)    At the discovery conference, the parties must specifically discuss (1) whether they wish to engage in early settlement negotiations and even if the answer is no, (2) whom they wish to preside over any settlement conference.

(3)    The parties must be prepared to exchange their Rule 26(a)(1) initial disclosures immediately following the conference. If there

are any issues with exchanging this information, then the discovery plan must list all objections and explain the reasons for them.

(4)    The parties' discovery plan must follow Rule 26(f) and also address:
a.    the background of the case, the key facts and legal issues, and the basis for all claims and defenses;
b.    subject-matter jurisdiction;
c.    relationship to other cases, if any;
d.    any proposed amendments to the pleadings, additional parties, third-party complaints, or other issues;
e.    any agreements on facts and document authenticity;
f.    intended depositions;
g.    any issues that might require expert testimony;
h.    issues involving electronically stored information, including procedures, *see* FED. R. CIV. P. 34, and format, *see* E.D. Mich. LR 26.1;
i.    any issues involving the preservation of evidence;
j.    any privilege or protection of trial-preparation materials (if the parties agree on a way to raise such issues after production, then they must explain it and whether they want any such agreements placed in an order under Evidence Rule 502);
k.    any expected discovery disputes and objections;
l.    discovery management, including deadlines;
m.    each party's perspective on what it would take to resolve the case;
n.    any planned motions; and
o.    any other relevant issues.

Failure to participate in any part of what this Notice requires should immediately be brought to the attention of this Court by the opposing party. Any failure could result in the imposition of sanctions, including dismissal. The parties

should propose a realistic discovery plan—extension requests are not granted as a matter of course and will be **heavily** scrutinized.

*      *      *

The Scheduling Conference will occur even if the parties file a discovery plan. Only attorneys familiar with the case should attend, and they must bring their calendars to schedule future dates. Attorneys for the parties must be prepared to discuss (1) narrowing claims and defenses, (2) amended pleadings, (3) settlement, (4) discovery management, (5) intended motions, and (6) estimated trial duration.

Plaintiff is responsible for providing notice of the Scheduling Conference to all involved attorneys who have not yet filed an appearance. The Scheduling Conference will not be adjourned due to counsel's unavailability; at least one substitute attorney must be present and prepared as outlined above. Parties may ask to participate remotely for good cause.

Dated: April 8, 2025

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge