UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**TRIVEL, INC.**

    **Plaintiff,**

                                      Civil Action No. 2-25-cv-10190-SKD-CI
v.
                                      Hon. Susan K. DeClerq

**Tech Smart USA, Inc., et al.**

    **Defendants.**

**RULE 26(F) REPORT/DISCOVERY PLAN**

NOW COME the parties, through counsel, and hereby submit this report of their FRCP Rule 26(f) conference. Lead counsel for the parties met telephonically on April 14, 2025, and (except as indicated) agreed as follows:

<u>Items in Court's Scheduling Conference Order:</u>

    a.    *The background of the case, the key facts and legal issues, and the basis for all claims and defenses:* The following is a summary and not intended to be used as an admission or stipulation.

Pursuant to an agreement between the parties, Defendants purchased products (various tricycles and related goods) from Plaintiff for sale through QVC. Plaintiff maintains that Defendants did not pay in full for the goods sold and delivered, including by overstating the returns for which credit was to be given, and that certain other expenses were incurred due to issues related to Defendant's failure to comply with terms related to delivery. Defendants assert that they always made payments

1

in full pursuant to the terms of the Distribution Agreement and that they were excused from paying the amount demanded by Plaintiff because of the products being rejected by the reseller, not comporting with what was requested, or other reasons.

One significant issue is the relationship between the two Defendants, as the Distribution Agreement was with Defendant TechSmart, while some subsequent transactions were done through Vectortek. Defendants argue that the contractual agreement was with defendant Tech Smart and not Vectortek, although they acknowledge that much of the transactions were with Vectotek.

b. *Subject Matter Jurisdiction:* The amount in controversy exceeds $75,000 and the parties are of diverse citizenship (Defendants: Michigan; Plaintiff: Canada).

c. *Relationship to Pending Cases:* None known at this time.

d. *Proposed amendments to the pleadings, additional parties, third-party complaints, or other issues:* None anticipated at this time.

e. *Agreements on facts and document authenticity:* None at this time.

f. *Intended depositions:* The parties and probably QVC.

g. *Any issues that might require expert testimony:* Unknown at this time.

h. *Issues involving electronically stored information, including procedures:* The parties do not anticipate any significant issues regarding

electronically stored information. The parties discussed discovery of electronically stored information and agreed that email and SMS/text communications may be produced as static images (paper or .pdf), with attachments, word processing and other documents on the parties' computer systems will be produced in their native format if readable by MS Office software, otherwise in a format so readable where possible; and digital photographs and audio/video files shall be produced in their native format. The parties will cooperate in producing other files in a useable manner. No party shall be required to search or produce system backup media, metadata, or files deleted in the ordinary course prior to commencement of this litigation unless good cause is shown. Notwithstanding any agreement to limit electronic discovery, the parties agree that no party may rely in this action on any electronic document or information not produced in discovery.

      i.    *Any issues involving the preservation of evidence:* None anticipated at this time.

      j.    *Any privilege or protection of trial-preparation materials.* The parties do not anticipate any issues with claims of privilege. They agree that privileged communications relating to the present litigation with their present litigation counsel need not be produced or included on a privilege log. There is no need for an Order under FRE 502 at this time.

      k.    *Any expected discovery disputes and objections:* None at this time.

l. *Discovery management, including deadlines*: The Parties believe that 5 months from the date of the Scheduling Conference (September 30, 2025) should be sufficient to complete discovery. Phasing and limitation of discovery to particular issues is not appropriate.

m. *Each party's perspective on what it would take to resolve the case:* Plaintiff seeks payment in full ($1,281,287), but is willing to consider any legitimate defenses or other issues that may exist. Defendants would settle this case for the sum of $400,000, along with the stipulations that Plaintiff would have to reimburse Defendants if there are additional returns of product as well as a non-solicitation with Defendants' contacts and customers.

n. *Any planned motions:* Plaintiff may seek summary judgment after discovery.

o. *Any other relevant issues.* None at this time.

Dated: April 9, 2025

Respectfully submitted,

 /s/ Daniel M. Press_____
Daniel M. Press, Va. Bar No. 37123
dpress@chung-press.com
Chung & Press, P.C.
6718 Whittier Avenue/Suite 200
McLean, VA 22101
703-734-3800
703-734-0590 (fax)

        /s/ Kurt O'Keefe
Kurt O'Keefe P30718
Local Counsel for Plaintiff
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

Counsel for Plaintiff

/s/ Marc Sackin_____
Marc Sackin
MORGAN STARR SACKIN, PLLC
Attorneys for Defendants
208 W. Park Street
Lapeer, MI 48446
(810) 664-9908
Email: msackin@starrsackin.com

Counsel for Defendants