## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**TRIVEL, INC.**
       **Plaintiff,**

                            **Civil Action No. 2-25-cv-10190-SKD-Civ.**
**V.**                        **Hon. Susan K. DeClerq**

**Tech Smart USA, Inc., et al.**     **Curtis Ivy, Jr., United States Magistrate**
         **Defendants.**           **Judge**

## PLAINTIFF'S MOTION TO REOPEN CASE TO ENFORCE SETTLEMENT AGREEMENT AND BRIEF IN SUPPORT

NOW COMES Plaintiff, Trivel Inc., through counsel, and moves pursuant to the Dismissal Stipulation filed herein to reopen this case and enforce the settlement agreement between the parties.

On June 9, 2025, the parties mediated this matter before Hon. Curtis Ivy, and reached a "Settlement and Release Agreement." The agreement is confidential, so it will not be attached hereto.[1]  However, the two provisions relevant to this Motion are:

> 2.     Defendants shall permit Trivel to pick up all e-bikes/e-tricycles returned from the QVC Group that are subject to the Distribution Agreement between the Parties that is the subject of this litigation at a mutually agreed upon date(s).

> 3.     Defendants guarantee that they will provide at least 225 e-bike/e-tricycles within 90 days of this Agreement.  In the event that less than 225 units are provided, then Defendants shall be required to compensate

---

[1] Plaintiff is willing to waive confidentiality of the Agreement if Defendant concurs.  Otherwise, it will be filed under seal or publicly as the Court may direct.

Trivel the sum of $1,390.00 for each unit less than 225.  Each e-bike/e-tricycle constitutes a "unit" for purposes of this paragraph regardless of its condition so long as it was a unit provided by Trivel.

The 90-day deadline expired on September 7, 2025, but Plaintiff allowed Defendants to provide additional returns for nearly a month after that, but eventually advised Defendants that they needed to provide all of the returned units or pay for them.

During (and after) the 90-day window, Defendants returned 127 e-bikes/e-tricycles to Plaintiff, 98  short of the required 225.   Accordingly, Defendants owe Plaintiff 98 x $1390, or $136,220.00   Despite demand, Defendants have refused to pay.

Accordingly, Plaintiff requests that the Court reopen this matter in order to allow Plaintiff to enforce the Settlement and Release Agreement, and that judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $136,220.00

Brief

This Court has jurisdiction over this motion pursuant to the provisions of the Dismissal Stipulation ("Either party may seek to reopen the case in the event of a violation of the settlement agreement"), and, independently, pursuant to 28 U.S.C. § 1332 as diversity and the amount in controversy requirement still exists. *Limbright v. Hofmeister*, 566 F. 3d 672, 676 (6th Cir. 2009).

"This court has long approved summary enforcement of settlement agreements 'in order to promote the... speedy and reasonable resolution to disputes.'" *Id.* at 675. "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988). Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed. *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 622 (6th Cir.1973*); Aro Corp*. [*v. Allied Witan Co.*, 531 F. 2d 1368, 1372 (6th Circuit 1976)]. However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Aro Corp.*, 531 F.2d at 1372. Thus, summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement. *Kukla*, 483 F.2d at 621; *cf. Therma-Scan* [*v. Thermoscan, Inc.*, 217 F. 3d 414, 419 (6th Circuit 2000)] (recognizing that

summary proceedings may result in inequities when a dispute exist as to a material term)." *Limbright* 566 F. 3d at 676.

Here, an evidentiary hearing may be required if Defendants, as expected, dispute the number of e-bikes/e-tricycles returned, but it should be able to be scheduled promptly and with limited discovery.

L.R. 7.1(a) Statement: There was a conference between attorneys (by phone on 10/22/2025, after an exchange of multiple emails) in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Plaintiff requests that the Court reopen this matter in order to allow Plaintiff to enforce the Settlement and Release Agreement, and that (after an evidentiary hearing, if necessary) judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $136,220.00

Dated: October 22, 2025

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, Va. Bar No. 37123
dpress@chung-press.com
Chung & Press, P.C.
6718 Whittier Avenue/Suite 200
McLean, VA 22101
703-734-3800
703-734-0590 (fax)

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Local Counsel for Plaintiff
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Daniel M. Press, certify that on October 22, 2025, I electronically filed the
foregoing document(s) and that they are available for viewing and downloading
from the Court's CM/ECF system, and that all participants in the case are
registered CM/ECF users and that service will be accomplished by the CM/ECF
system.


 /s/ Daniel M. Press_____
Daniel M. Press