UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TRIVEL, INC.

    Plaintiff,

vs.

TECH SMART USA, INC.

and

VECTORTEK, LLC

    Defendants.

Case No.: 2-25-cv-10190-SKD-CI

Honorable Susan K. DeClerq

Curtis Ivy, Jr., united States Magistrate Judge

Daniel M. Press
Chung & Press
Attorneys for Plaintiff
6718 Whittier Avenue
Suite 200
McLean, VA 22101
703-734-3800
Email: dpress@chung-press.com

Kurt A. O'Keefe
Kurt Okeefe, Attorney
Attorneys for Plaintiff
1254 Woodbridge Street
St. Clair Shores, MI 48080
313-962-4630
Fax: 313-731-0424
Email: koklaw@gmail.com

Marc Sackin
MORGAN STARR SACKIN, PLLC
Attorneys for Defendant Vectortek, LLC
208 W. Park Street
Lapeer, MI  48446
(810) 664-9908
Email: msackin@starrsackin.com

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REOPEN CASE TO ENFORCE SETTLEMENT AGREEMENT AND BRIEF IN SUPPORT**

    NOW COMES Defendants Tech Smart Inc. and Vectortek, LLC, through counsel, and in response to Plaintiff's above-styled motion states as follows:

    Plaintiff's motion should be denied for a number of reasons.

1

First, Plaintiff has failed and/or refused to pick up the 225 units which have been available to be picked up. The parties' course of business is that Plaintiff would always provide their trucks to Defendant Vectortek's warehouse storage facility to pick up the units of Plaintiff's products that were returned from the customer because the product was defective, broken or otherwise returned by the client.

Following the Settlement Agreement, Plaintiff did in fact send trucks over multiple days to appear at Vectortek's warehouse storage facility to pick up the defective/broken/ returned units. Defendant Vectortek's records reflect that all of the trucks were filled to maximum capacity except for one truck that was filled to 85% capacity even though Vectortek had additional units to place into the truck which Plaintiff's truck driver failed or refused to take.

Vectortek all along has had additional units for Plaintiff to pick up with its trucks. In fact, Defendant Vectortek has actually incurred a $3,000 monthly cost due to the space these units have occupied in their storage facility/warehouse because Plaintiff has refused to pick them up! To be clear, these units are available but Plaintiff is failing or refusing to take them. Perhaps Plaintiff would rather be paid money than retrieve the defective units it provided to Vectortek to distribute to QVC and others but that is not what the Settlement Agreement contemplated. It is therefore Vectortek – not Plaintiff – who has been damaged by Plaintiff's refusal to comply with the terms of the Settlement Agreement.

Second, it appears that Plaintiff is trying to pick and choose what "units" it has been picked up constitute "units." The Settlement Agreement clearly provides that, "Each e=bike/e-tricycle constitutes a "unit" … ***regardless of its condition*** so long as it was a unit provided by Trivel." (emphasis added). Some of the units picked up Trivel were in fine condition. Others were in slightly damages condition. Other items were units missing certain parts, presumably because the parts were

broken or destroyed before being returned by the customer.  Other items were units with half or less of the original product included because that was what was returned by the customer – again presumably because a defect caused the rest of the unit to be destroyed.  Trivel is selectively not counting the latter two categories of returned products as "units."  However, the Settlement Agreement does not allow Trivel to selectively determine how good of condition the unit must be in for it to constitute a "unit."  Again, any returned product is a "unit" so long as it was provided by Trivel, "regardless of its condition."  It is believed that – even not counting the units which Trivel has failed or refused to pick up from Vectortek's warehouse/storage facility – at least 225 "units" have been picked up by the trucks sent by Plaintiff.

Brief:

     Based on the above, Defendants did not breach the Settlement Agreement.  In fact, Defendants are in full compliance with the Settlement Agreement.  As such, Plaintiff's motion to reopen this case to enforce the Settlement Agreement should be denied in its entirety.

                                Respectfully submitted,

                                MORGAN STARR SACKIN PLLC

Dated:  October 29, 2025        /s/ Marc Sackin
                                           Marc Sackin (P76287)
                                           Attorney for Defendants
                                           208 W. Park St.
                                           Lapeer, MI 48446
                                           (810) 664-9908

## **CERTIFICATE OF SERVICE**

I, Marc Sackin, certify that on October 29, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Marc Sackin_____
Marc Sackin